UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------

|  |  |
|---|---|
| MAHFUJUR RAHMAN and LITON SHAH, | Civil Action No. 17-5156 |
| Plaintiffs, | ECF CASE |
| -against- | **COMPLAINT** |
| RED CHILI INDIAN CAFÉ INC., MOHAMMED MOJNU MIAH a/k/a SHEIKH MOHAMMED MOJNU, and MOHAMMED HARUN MIAH, | |
| Defendants. | |

---------------------------------------------------------------------

Plaintiffs Mahfujur Rahman and Liton Shah, by their undersigned attorneys, bring this action under federal and state labor laws to recover Plaintiffs' lawful wages arising out of their employment at the restaurant Red Chili Indian Café located at 108 West 116th Street, New York, New York 10026, plus liquidated and other damages, interest, attorneys' fees, and the costs of this action.

## PRELIMINARY STATEMENT

1.      Plaintiffs are former employees of Defendant Red Chili Indian Café Inc. which operates a restaurant at 108 West 116th Street, New York, New York 10026 (the "Restaurant").

2.      Defendants Mohammed Mojnu Miah a/k/a Sheikh Mohammed Mojnu ("Miah"), and Mohammed Harun Miah ("Harun") were also the Plaintiffs' employers during their employment at the Restaurant.

1

3.       Plaintiffs worked as delivery and kitchen workers at the Restaurant at different time periods beginning in or about April 2015 and continuing through July 2016.  Throughout the course of their employment at the Restaurant, Plaintiffs worked for wages that fell below the legal minimum wage and without receiving the overtime premiums required by law.  Throughout their employment, the Plaintiffs normally worked more than seventy hours per week.  Plaintiffs' wages were also illegally reduced as they were forced to incur expenses that should have been borne by Defendants.

4.       As stated herein, Defendants' conduct and practices constituted violations of federal and state labor laws relating to: (i) minimum wages; (ii) overtime pay; (iii) "spread of hours" pay; (iv) failure to provide Plaintiff with proper wage notices and statements; (v) retaliating against Plaintiff Rahman for complaining to Defendants about his unpaid wages; and (vi) requiring Plaintiffs to incur improper expenses for the purchase, repair and maintenance of the bicycle each Plaintiff used when delivering food orders for the Restaurant.

## JURISDICTION AND VENUE

5.       This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., 29 U.S.C. § 216 and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same common nucleus of operative facts as the federal claims.

6.      Plaintiffs' state law claims are so closely related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

### Plaintiffs

8.      Plaintiff Mahfujur Rahman is an adult individual who currently resides in the Bronx, New York.

9.      Plaintiff Liton Shah is an adult individual who currently resides in the Bronx, New York.

10.     Plaintiffs Mahfujur Rahman and Liton Shah are former employees of Defendant Red Chili Indian Café Inc., Mohammed Mojnu Miah a/k/a Sheikh Mohammed Mojnu ("Miah"), and Mohammed Harun Miah ("Harun").

11.     Plaintiff Rahman worked for Defendants from approximately December 2015 to approximately July 15, 2016.

12.     Plaintiff Shah worked for Defendants from from approximately April 2015 to approximately April 30, 2016.

### Defendants

13.     Upon information and belief, Defendant Red Chili Indian Café Inc. ("Red Chili") is a corporation organized and existing under the laws of the State of New York.

3

14.     Upon information and belief, at all times relevant to this action, Red Chili operated a restaurant at 108 West 116th Street, New York, New York 10026 (the "Restaurant").

15.     Upon information and belief, at all times relevant to the allegations in this Complaint, Red Chili has been an enterprise engaged in interstate commerce within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (ii) has and has had an annual gross volume of sales of not less than $500,000.

16.     Upon information and belief, at all times relevant to the allegations herein, Defendant Mohammed Mojnu Miah a/k/a Sheikh Mohammed Mojnu ("Miah") is an owner and/or shareholder of Red Chili.

17.      Defendant Miah had the power to hire and fire Restaurant employees, and control the terms and conditions of Plaintiffs' employment, including establishing their wages, setting their work schedules, and maintaining their employment records.

18.     Upon information and belief, at all times relevant to the allegations herein, Defendant "Harun" Miah ("Harun") is a relative of Defendant Miah and is an owner and/or shareholder of Red Chili.

19.     Defendant Harun had the power to hire and fire Restaurant employees, and control the terms and conditions of Plaintiffs' employment, including establishing their wages, setting their work schedules, and maintaining their employment records.

4

20.     At all times relevant to this action, Defendants Red Chili, Miah, and Harun, were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.

## STATEMENT OF FACTS

### Mahfujur Rahman's Employment

21.     While employed at the Restaurant from approximately December 2015 through approximately July 15, 2016, Plaintiff Rahman worked at the Restaurant six days a week, from 12 p.m. to past 11 p.m.

22.     As a result, Rahman worked approximately 70 hours per week for Defendants.

23.     Each week, Rahman worked five days doing delivery, and one day in the kitchen.

24.     Defendants promised to pay Rahman $25 per day for delivery work, and $50 per day for kitchen work, or $175 per week.

25.     During periods of his employment period, Defendants failed to pay Plaintiff Rahman any wages at all for his work.

26.     The primary responsibilities for delivery work included placing the food in delivery containers, packing the food delivery bags, and delivering the food orders across Manhattan via bicycle.  Rahman would also go to the market to purchase vegetables.

27.     The primary responsibilities for kitchen work included cutting vegetables, making bread and other food items, cleaning the restaurant and helping the chef with other needed tasks.

5

**Liton Shah's Employment**

28.     While employed at the Restaurant from approximately April 2015 to approximately April 30, 2016, Plaintiff Shah worked at the Restaurant six days a week from 12 noon to past 11 p.m.

29.     As a result, Shah worked approximately 70 hours per week for Defendants.

30.     Shah worked five days a week doing delivery, and one day a week in the kitchen from the beginning of his employment until October 2015.  Between October 2015 and the end of his employment, he worked six days a week doing delivery.

31.     Defendants promised to pay Shah $25 per day for delivery work, and $50 per day for kitchen work which amounted to $175 per week when he worked five days delivery and one day kitchen work, and $150 per week when he worked six days delivery.

32.     During periods of his employment period, Defendants failed to pay Plaintiff Shah any wages at all for his work.

33.     The primary responsibilities for delivery work included placing the food in delivery containers, packing the food delivery bags, and delivering the food orders across Manhattan via bicycle.

34.     The primary responsibilities for kitchen work included cutting vegetables, making bread and other food items, cleaning the restaurant and helping the chef with other needed tasks.

**Defendants Did Not Pay Plaintiffs the Minimum Wage**

35.     Both the FLSA and New York Labor Law require that employers pay their employees specified minimum hourly wages.  29 U.S.C. § 206; N.Y. Labor Law § 652.

36.     Throughout their employment, Plaintiffs' pay rates were below the statutorily required federal and New York State minimum wage rates.

37.     During the applicable statutory period, neither Plaintiff was exempt from the minimum wage laws pursuant to the FLSA and New York Labor Law.

38.     Plaintiffs Rahman and Shah both performed deliveries at the Restaurant as part of their duties.

39.     These Plaintiffs are "tipped employees" under the FLSA, which defines "tipped employee" as an employee "engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t).

40.     Defendants were ineligible for a tip credit against their minimum wage obligations with regard to the Plaintiffs because, *inter alia*, the Defendants did not notify Plaintiffs of the applicable legal provisions of the FLSA or the New York Labor Law, or of Defendants' intention to claim a tip credit against their minimum wage obligations to reduce the applicable minimum wage.

41.     Defendants did not notify Plaintiffs of the tip credit provisions of the FLSA or of Defendants' intention to claim a tip credit against their minimum wage obligations to reduce the applicable minimum wage.

42.     As a result, the Defendants are ineligible for the tip credit under the FLSA.

43.     Moreover, as required by New York Labor Law to claim a tip allowance

against the minimum wage obligations, the Defendants did not provide the Plaintiffs a written notice of their regular hourly pay rate, their overtime hourly pay rate, the amount of tip credit to be taken from the basic minimum hourly pay rate, and the regular payday, nor did Defendants provide explicit notice that extra pay is required if tips are insufficient to bring Plaintiffs' wages up to the basic minimum hourly rate.

44.    As a result, Defendants are further ineligible for the tip credit under the New York Labor Law.

**Defendants Did Not Pay Plaintiffs Overtime or Spread of Hours Pay**

45.    Under federal and state law, employers are also required to pay their employees additional overtime wages for hours worked in excess of forty during a work week.

46.    Both Plaintiffs regularly worked more than forty hours per week.

47.    Throughout their employment, Defendants did not pay these Plaintiffs any overtime wages for their overtime work.

48.    During the applicable statutory period, neither Plaintiff was exempt from the overtime laws pursuant to the FLSA and New York Labor Law.

49.    Throughout their employment, Plaintiffs regularly worked a "spread of hours" that exceeded ten hours per day.

50.    Defendants did not pay these Plaintiffs "spread of hours pay" when their spread of hours exceeded ten as required by New York Labor Law.

**Defendants Did Not Provide Full and Accurate Pay Stubs when Paying Wages**

51.     Under New York Labor Law, employers must provide employees with accurate pay stubs each time they pay wages.

52.     These pay stubs must meet the requirements of New York Labor Law § 195(3), which include date ranges; rate of pay; gross wages; deductions; any claimed allowances for paying below the minimum wage; net pay; the regular and overtime rates of pay, the number of regular hours worked, and the number of overtime hours worked if the employee is eligible for overtime.

53.     Defendants paid the Plaintiffs without providing the Plaintiffs any documentation of their wages as required by New York Labor Law.

54.     Upon information and belief, at all relevant times herein, Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

**Defendants Did Not Provide Required Notices Upon Hire**

55.     New York State Labor Law requires that employers provide their employees in writing at the time of hiring, in English and in the employees' primary language, notice of the rate of pay, tip allowances, meal allowances, and other information pertinent to employment. N.Y. Labor Law § 195(1).

56.     Upon information and belief, at all relevant times herein, Defendants failed to provide Plaintiffs with the notices upon hire as required by New York Labor Law.

**Defendants Retaliated Against Plaintiff Rahman**

57.     In July 2016, Rahman left his employment because of Defendants' failure

9

to pay wages.

58.     After Rahman left his employment, in July 2016, Rahman asked
Defendant Harun for his unpaid wages.

59.     Harun told Rahman that Red Chili was only willing to pay Rahman $300,
which was a small fraction of the unpaid wages Rahman is owed.

60.     Rahman then told Harun, in effect, if you don't give my money, I will go
to the Labor Department.

61.     Rahman was referring to the New York State Department of Labor.

62.     Harun then told Rahman to go to the Labor Department.

63.     Harun also told Rahman, a lot of people talk like that – we teach them.

64.     Rahman understood this to mean that Harun was threatening to harm
Rahman if he, Rahman, filed a complaint for unpaid wages with the New York State
Department of Labor.

65.     Also in July 2016, Harun approached Rahman on the street and questioned
him, why are you avoiding me?

66.     Rahman responded that he was not scared of Harun, and also that he was
not trying to avoid Harun.

67.     Later, in mid-August 2016, Rahman was speaking with another ex-
employee of Red Chili outside of Rahman's new place of work on Columbus Avenue
between 109th and 110th Street in Manhattan when Harun approached Rahman on a
bicycle.

68.     Harun proceeded to curse Rahman stating, you insist on others to leave the

job, I'm going to teach you.

69.     Harun then took his bicycle and threatened to hit Rahman with the bicycle saying, you son of a bitch, I'm going to kill you.

70.     Harun also said, in effect, you are insisting people to leave our job, and you are disturbing our business.

71.     Harun's allegations that Rahman insisted people to leave the Defendants' employment and disturbing Defendants' business were false and had no basis in fact.

**Defendants' Improper Requirement that Plaintiffs Pay for Expenses Related to Bicycle Purchase and Repairs**

72.     During their employment at the Restaurant, Plaintiffs were required by Defendants to own and pay for a bicycle to deliver food to the Restaurants' customers.

73.     Defendants required that Plaintiffs bear the cost of purchasing their bicycles.

74.     Plaintiff Rahman purchased a bicycle for approximately $850.00.

75.     Defendants did not reimburse Plaintiff Rahman for the cost of purchasing the bicycle.

76.     Defendants purchased a bicycle worth approximately $900.00 on Plaintiff Shah's behalf.

77.     Defendants deducted $50 from every payment of Plaintiff Shah's wages until he had paid for the entire cost of the bicycle.

78.     Defendants retained the bicycle purchased by Plaintiff Shah when Shah's employment terminated.

11

79.     In addition to requiring Plaintiffs to purchase a bicycle, Defendants also required Plaintiffs to bear the cost of repairing and maintaining the bicycles.

80.     Defendants did not reimburse Plaintiffs for the cost of repairing and maintaining the bicycles.

81.     The bicycle each Plaintiff paid for, repaired and maintained, is a tool of the trade under the FLSA and New York Labor Law.

82.     Defendants' requirement that Plaintiffs bear the expenses related to such tools of the trade reduced the wages actually earned by Plaintiffs under the applicable minimum wage mandated by federal and state law.

**Defendants Acted as Joint Employers**

83.     Defendant Miah holds an ownership interest in the Corporate Defendant, Red Chili.

84.     Defendant Miah has the power to hire and fire workers, dictate the activities of the workers at the Restaurant, determine the pay for employees, set their work schedules and maintain their employment records.

85.     Upon information and belief, Defendant Harun also holds an ownership interest in the Corporate Defendant, Red Chili.

86.     Defendant Harun has the power to hire and fire workers, dictate the activities of the workers at the Restaurant, determine the pay for employees, set their work schedules and maintain their employment records.

**Defendants' Willful Violations**

87.     Defendants are and have been aware of the requirement to pay Plaintiffs

12

for overtime work, the required minimum wage for hours worked, and for "spread of hours pay," yet purposefully chose not to do so.

88.     Defendants are and have been aware of the requirement to provide Plaintiffs full and accurate pay stubs and required notices up on hire, yet purposefully chose not to do so.

89.     Defendants' wrongful acts and omissions, as alleged herein, were not made in good faith or in conformity with, or in reliance on, any written administrative regulation, order, ruling, approval or interpretation by the U.S. Department of Labor and/or the New York State Department of Labor, or any administrative practice or enforcement policy of such departments.  All of the violations of federal and New York state law cited above were willful and intentional.

## CAUSES OF ACTION

### COUNT 1

#### *Claim for Minimum Wages Under the Fair Labor Standards Act*

90.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

91.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of 29 U.S.C. § 203.

92.     At all times relevant to this action, Defendants were employers within the meaning of 29 U.S.C. § 206(a).

93.     Defendants willfully failed to compensate Plaintiffs at the applicable legal minimum hourly wage, in violation of 29 U.S.C. § 206(a).

13

94.     Defendants also willfully required Plaintiffs to pay for bicycles for their work.

95.     The cost of providing these tools of the trade further reduced Plaintiffs' wages below the minimum hourly wage in violation of 29 U.S.C. § 206(a) and applicable regulations, specifically 29 C.F.R. § 531.35.

96.     Similarly, Defendants willfully required Plaintiffs to bear the cost of repairing and maintaining the bicycles each was required to purchase for their work.

97.     The cost of repairing and maintaining these tools of the trade further reduced Plaintiffs' wages below the minimum hourly wage in violation of 29 U.S.C. § 206(a) and applicable regulations, specifically 29 C.F.R. § 531.35.

98.     Defendants' violations of the FLSA, as described in this complaint, were willful and intentional.

99.     Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, specifically 29 U.S.C. § 216(b), and/or prejudgment interest, all in an amount to be determined at trial.

## COUNT 2

### *Claim for Minimum Wages Under New York Labor Law*

100.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

101.     At all times relevant to this action, Plaintiffs were employed by

Defendants within the meaning of New York Labor Law §§ 2(5), 190(2) and 651(5).

102.    At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law §§ 2(6), 190(3) and 651(6).

103.    Defendants willfully failed to compensate Plaintiffs at the applicable legal minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law § 652, and accompanying regulations, including 12 N.Y.C.R.R. §§ 146-1.2.

104.    Defendants also willfully required Plaintiffs to pay expenses incurred while carrying out duties assigned by Defendants, in violation of 12 N.Y.C.R.R. §§ 146-2.7.  The expenses paid by Plaintiffs further reduced the hourly wages they were paid.

105.    Defendants' violations of the New York Labor Law, as described in the complaint, were willful and intentional.

106.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees, costs of the action, and prejudgment interest, all in an amount to be determined at trial.

## COUNT 3

### *Claim for Overtime Wages Under the Fair Labor Standards Act*

107.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

108.    At all times relevant to this action, Plaintiffs were employed by

15

Defendants within the meaning of 29 U.S.C. § 203.

109.    At all times relevant to this action, Defendants were employers within the meaning of 29 U.S.C. § 207(a).

110.    Defendants willfully failed to pay Plaintiffs overtime wages at a rate of one and one-half times their regular rate of pay, or one and one-half times the applicable minimum wage, for each hour worked in excess of forty hours per week, in violation of 29 U.S.C. § 207(a)(1).

111.    Defendants' violations of the FLSA, as described in this complaint, were willful and intentional.

112.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, specifically 29 U.S.C. § 216(b), and/or prejudgment interest, all in an amount to be determined at trial.

## COUNT 4

### *Claim for Overtime Wages Under New York Labor Law*

113.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

114.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2(5), 190(2) and 651(5).

115.    At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law §§ 2(6), 190(3) and 651(6).

16

116.     The Defendants willfully failed to pay Plaintiffs overtime wages at a rate of one and one-half times their regular rate of pay, or one and one-half times the applicable minimum wage, for each hour worked in excess of forty hours per week, in violation of the New York Labor Law and accompanying regulations, including 12 N.Y.C.R.R. §§ 146-1.4.

117.     Defendants' violations of the New York Labor Law, as described in the complaint, were willful and intentional.

118.     Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtimes wages and an equal amount in the form of liquidated damages, as well as attorneys' fees, costs of the action, and prejudgment interest, all in an amount to be determined at trial.

## COUNT 5

### *Claim for Spread of Hours Payments Under New York Labor Law*

119.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

120.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2(5), 190(2) and 651(5).

121.     At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law §§ 2(6), 190(3) and 651(6).

122.     Defendants willfully failed to pay Plaintiffs spread of hours wages of an additional hour of pay at the minimum wage for each day Plaintiffs had a spread of hours in excess of ten hours per day, in violation of the New York Labor Law and

17

accompanying regulations, including 12 N.Y.C.R.R. §§ 146-1.6.

123.    Defendants' violations of the New York Labor Law, as described in the complaint, were willful and intentional.

124.    Due to Defendants' violations of the New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, all spread of hours payments in the form of one hour of additional pay at the applicable minimum wage rate for each day in which a Plaintiff had a spread of hours in excess of ten hours and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees, costs of the action, and prejudgment interest, all in an amount to be determined at trial.

## COUNT 6

*Claim for Defendants' Failure to Provide Pay Stubs Under New York Labor Law*

125.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

126.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2(5), 190(2) and 651(5).

127.    At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law §§ 2(6), 190(3) and 651(6).

128.    Defendants failed to provide full and accurate pay stubs to Plaintiffs each time Defendants paid wages to Plaintiffs in violation of New York Labor Law § 195(3).

129.    Defendants failed to pay Plaintiffs their full wages on time.

130.    Defendants' violations of the New York Labor Law, as described in the complaint, were willful and intentional.

131.     Due to Defendants' violations of the New York Labor Law, Plaintiffs are entitled to recover damages from Defendants, jointly and severally, as well as reasonable attorneys' fees, costs of the action, and prejudgment interest, all in an amount to be determined at trial.   New York Labor Law § 198(1-d).

## COUNT 7

### *Claim for Defendants' Failure to Provide Notices Upon Hire Under New York Labor Law*

132.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

133.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2(5), 190(2) and 651(5).

134.     At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law §§ 2(6), 190(3) and 651(6).

135.     Defendants failed to provide Plaintiffs a notice at the time of hire in violation of New York Labor Law § 195(1).

136.     Defendants' violations of the New York Labor Law, as described in the complaint, were willful and intentional.

137.     Due to Defendants' violations of the New York Labor Law, Plaintiffs are entitled to recover damages from Defendants, jointly and severally, as well as reasonable attorneys' fees, costs of the action, and prejudgment interest, all in an amount to be determined at trial.  New York Labor Law § 198(1-b).

## COUNT 8

### *Claim for Retaliation on Behalf of Plaintiff Rahman*

138.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

139.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2(5), 190(2) and 651(5).

140.    At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law §§ 2(6), 190(3) and 651(6).

141.    By the acts and practices described above, Defendants retaliated against Plaintiff Rahman for asserting his rights under the New York Labor Law.

142.    Defendants knew that their actions constituted unlawful retaliation and/or showed reckless disregard for Plaintiff Rahman's statutorily protected rights.

143.    As a consequence of Defendants' retaliatory actions in violation of the New York Labor Law, Plaintiff Rahman has suffered injury and emotional distress.

144.    Notice of this action has been served upon the New York State Office of the Attorney General pursuant to New York Labor Law § 215(2)(b).

145.    Defendants' violations of the New York Labor Law, as described in the complaint, were willful and intentional.

146.    Due to Defendants' violations of the New York Labor Law, Plaintiff Rahman is entitled to recover from Defendants, jointly and severally, compensatory, liquidated, and punitive damages, as well as reasonable attorneys' fees, costs of the action, and post-judgment interest, all in an amount to be determined at trial.

## COUNT 9

### *Claim for Improper Expense Payments Under New York Labor Law*
### *on Behalf of Plaintiffs*

147.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

148.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2(5), 190(2) and 651(5).

149.     At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law §§ 2(6), 190(3) and 651(6).

150.     Defendants required Plaintiffs to incur expenses that should have been borne by the Defendants in violation of New York Labor Law § 193(2).

151.     Defendants required Plaintiffs to pay for a bicycle used to deliver food to restaurant customers.

152.     Defendants retained Plaintiff Shah's bicycle after Plaintiff Shah's employment ended.

153.     Defendants also required Plaintiffs to bear the cost of repairing and maintaining the bicycles.

154.     Defendants did not reimburse Plaintiffs for the cost of repairing and maintaining the bicycles.

155.     Defendants' violations of the New York Labor Law, as described in the complaint, were willful and intentional.

156.     Due to Defendants' violations of the New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, all improper expenses incurred

by Plaintiffs, and an equal amount in the form of liquidated damages, as well as

reasonable attorneys' fees, costs of the action, and prejudgment interest, all in an amount

to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully request that judgment be granted:

a.      Declaring Defendants' conduct complained of herein to be in violation of

Plaintiffs' rights under the FLSA, the New York Minimum Wage Act, and the New York

Labor Law and its regulations;

b.      Awarding Plaintiffs unpaid minimum wages due under the FLSA, the New

York Minimum Wage Act, and the New York Labor Law and its regulations;

c.      Awarding Plaintiffs unpaid overtime wages due under the FLSA and the

New York Labor Law and its regulations;

d.      Awarding Plaintiffs additional pay for all spread of hours violations;

e.      Awarding Plaintiffs damages for Defendants' failure to provide pay stubs as

required by the New York Labor Law;

f.      Awarding Plaintiffs damages for Defendants' failure to provide a notice

upon hire as required by the New York Labor Law;

g.      Awarding Plaintiff Rahman compensatory, liquidated and punitive damages

for Defendants' retaliatory conduct;

h.      Awarding Plaintiffs damages for their unpaid earned wages;

i.      Awarding Plaintiffs compensation for all improper expenses Plaintiffs were

required to pay;

j.      Awarding Plaintiffs liquidated damages;

k.      Awarding Plaintiffs prejudgment and post-judgment interest;

l.      Awarding Plaintiffs the costs of this action, together with reasonable

attorneys' fees;

m.      Permanently enjoining Defendants against future violations of the FLSA and

the New York Labor Law and its regulations; and

n.      Awarding other and further relief as this Court deems necessary and proper.

Dated:  July 7, 2017
          New York, New York                    **LAW OFFICE OF MOHAMMED
                                                 GANGAT**

                                        By: _____
                                                 Mohammed Gangat, Esq.

                                        27005 79th Avenue
                                        New Hyde Park, NY 11040-1546
                                        Tel: (718) 669-0714
                                        Fax: (646) 556-6113
                                        mgangat@gangatllc.com
                                        mgangat107@gmail.com

                                                 and

                                        URBAN JUSTICE CENTER

                                        S. Tito Sinha, Esq.
                                        Reena Arora, Esq.
                                        123 William Street, 16th Floor
                                        New York, New York 10038
                                        Telephone:  (646) 602-5600
                                        Facsimile: (212) 533-4598
                                        tsinha@urbanjustice.org

                                        *Attorneys for Plaintiffs Mahfujur Rahman
                                        and Liton Shah*

23