USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/5/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAHFUJUR RAHMAN and LITON SHAH,

Plaintiffs,

v.

RED CHILI INDIAN CAFÉ, INC.,
MOHAMMED MOJNU MIAH a/k/a
SHEIKH MOHAMMED MOJNU, and
NOOR ISLAM, a/k/a MOHAMMED
HARUN MIAH,

Defendants.

17-CV-5156 (RA)

ORDER ADOPTING REPORT AND
RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

On July 7, 2017, Plaintiffs Mahfujur Rahman and Liton Shah ("Plaintiffs") filed this action, seeking relief under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Dkt. 1. On August 14, 2017, Plaintiffs filed an Amended Complaint. Dkt. 19. Plaintiffs named as defendants Red Chili Indian Cafe, Inc. ("Red Chili"), Mohammed Mojnu Miah, and Noor Islam. On September 22, 2017, Defendants Miah and Islam ("Defendants"), proceeding *pro se*, filed a Joint Answer and Affirmative Defenses.[1] Dkt. 26. The case was referred to Magistrate Judge Henry B. Pitman for general pretrial management on April 19, 2018. Dkt. 39. On April 12, 2019, Plaintiffs filed a letter with this Court, seeking a pre-motion conference to address Defendants' "deficient discovery responses" and violation of an October 5, 2019 Order signed by Judge Pitman. Dkt. 49. The Court granted Plaintiffs leave to file a motion to strike Defendants' Joint Answer

---

[1] Red Chili has not answered or otherwise appeared in this action. Moreover, Red Chili has been advised several times that "a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it" pursuant to Federal Rule of Civil Procedure 55. *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F. 3d 180, 192 (2d Cir. 2006) (citation omitted); *see* Dkts. 28, 30, 34.

and Affirmative Defenses. Dkt. 50. On May 1, 2019, Plaintiffs filed their motion to strike, *see* Dkt. 51, which was referred to Magistrate Judge Barbara C. Moses for a report and recommendation. On July 12, 2019, Judge Moses issued a report and recommendation (the "Report"), recommending that Plaintiffs' motion be granted, Defendants' Joint Answer and Affirmative Defenses be stricken, and Plaintiffs be instructed to move for a default judgment against Defendants in accordance with the local rules and Attachment A to this Court's Individual Rules & Practices. Neither party filed objections to the Report.[2]

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). That deadline is extended to 17 days when service is made by mail. *See* Fed. R. Civ. P. 6(d). "When the parties make no objections to the Report, the Court may adopt the Report if 'there is no clear error on the face of the record.'" *Smith v. Corizon Health Servs.*, No. 14-CV-8839 (GBD) (SN), 2015 WL 6123563, at *1 (S.D.N.Y. Oct. 16, 2015) (quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)). "Furthermore, if as here . . . the magistrate judge's report states that failure to object will preclude appellate review and no objection is made within the allotted time, then the failure to object generally operates as a waiver of the right to appellate review." *Hamilton v. Mount Sinai Hosp.*, 331 F. App'x 874, 875 (2d Cir. 2009) (citations omitted).

As no objections to the Report were filed, the Court has reviewed Judge Moses's Report for clear error. The Court finds no error and thus adopts the well-reasoned Report in its entirety. It is therefore ordered that Plaintiff's motion to strike is GRANTED and Defendants' Joint Answer

---

[2] According to the docket, a copy of the Report was mailed to Defendants on July 15, 2019. Plaintiffs' motion to strike was also mailed to Defendants. *See* Dkt. 60.

2

and Affirmative Defenses is STRICKEN. Plaintiffs are instructed to move for default against Defendants no later than January 3, 2020.[3]

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 51 and mail a copy of this Order to Defendants Mohammed Mojnu Miah and Noor Islam.

SO ORDERED.

Dated: December 5, 2019
         New York, New York

_____
Ronnie Abrams
United States District Judge

---

[3] The Court notes that, as Defendant Red Chili has not answered or otherwise appeared in this action, Plaintiffs filed a proposed clerk's certificate of default as to Red Chili on October 21, 2019. *See* Dkt. 64. However, Plaintiffs' proposed clerk's certificate of default was rejected as deficient on November 7, 2019. Accordingly, Plaintiffs are instructed to file a revised proposed clerk's certificate of default as to Red Chili, curing the deficiencies, no later than December 13, 2019.