UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAHFUJUR RAHMAN, et ano.,

    Plaintiffs,

-against-

RED CHILI INDIAN CAFE, INC., et al.,

    Defendants.



17-CV-5156 (RA) (BCM)

**ORDER SCHEDULING STATUS CONFERENCE AND DIRECTING DEFENDANTS TO APPEAR ON APRIL 28, 2020**

**BARBARA MOSES, United States Magistrate Judge.**

A status and scheduling conference is scheduled before Judge Moses on **April 28, 2020, at 10:30 a.m.,** in Courtroom 20A, 500 Pearl Street, New York, NY 10007. Plaintiffs may appear through counsel. **Defendants Mohammed Miah and Noor Islam must appear in person. Defendant Red Chili Indian Café, Inc. must appear through counsel.**

> **THE PARTIES ARE DIRECTED TO READ THIS ENTIRE ORDER CAREFULLY. FAILURE TO COMPLY WITH PRE-CONFERENCE RESPONSIBILITIES, OR FAILURE TO APPEAR AT THE CONFERENCE, MAY RESULT IN SEVERE CONSEQUENCES, INCLUDING MONETARY SANCTIONS AND/OR THE ENTRY OF A DEFAULT JUDGMENT.**

For nearly one year, from February 25, 2019 to February 10, 2020, *pro se* defendants Miah and Islam (the "individual defendants") failed to participate in discovery, failed to comply with Court orders to produce documents and appear for hearings, and took no steps to defend this Fair Labor Standards Act action. Defendant Red Chili Indian Café, Inc. (Red Chili) has never appeared or answered.

On July 12, 2019, I issued a Report and Recommendation (Dkt. No. 61) recommending that the individual defendants' Joint Answer with Affirmative Defenses (Dkt. No. 26) be stricken and that plaintiffs be directed to move for a default judgment. On December 5, 2019, the Hon. Ronnie Abrams, United States District Judge, issued an Order (Dkt. No. 66) agreeing with my

recommendation, striking the Joint Answer with Affirmative Defenses, and directing plaintiffs to move for a default judgment, which they did on January 3, 2020. (Dkt. No. 71.) On January 6, 2020, Judge Abrams issued an Order to Show Cause giving defendants a deadline of February 3, 2020 to serve answering papers and ordering them to show cause, on February 10, 2020, why a default judgment should not be entered in favor of plaintiffs. (Dkt. No. 80.)

The individual defendants did not serve any answering papers. However, on February 10, 2020, they appeared in person before Judge Abrams, who orally denied plaintiffs' motion for default judgment as to them "in light of the fact that [they] both [appeared] and indicated a desire to be heard," without prejudice to renewal of the default motion should Miah or Noor again fail to appear when required or comply with their other litigation obligations. Feb. 10, 2020 Tr. (Dkt. No. 89) at 6:19-21. Judge Abrams warned the individual defendants:

> **[F]rom now on if you do not respond or you do not show up, you do not do something on time, plaintiff will win this case.**

*Id.* at 6:16-18. Thereafter, in a written Order dated February 26, 2020 (Dkt. No. 88), Judge Abrams memorialized her oral ruling, and also denied the motion for default judgment as to defendant Red Chili, in order to give that defendant "one more opportunity to find counsel to represent it in this action, which it must, given that a corporation may not proceed *pro se*." Judge Abrams warned that if it "does not obtain representation and file a responsive pleading by April 27, 2020, Plaintiffs' motion for default judgment against it will be granted." *Id*.

Judge Moses will hold a status conference on **April 28, 2020, at 10:30 a.m.,** in Courtroom 20A, 500 Pearl Street, New York, NY 10007.[1] As noted above, **defendants Miah**

---

[1] During the February 10, 2020 hearing, defendant Miah stated that he would be "out of the country," due to a family member's sickness, from February 25, 2020 until "like the end of March or the beginning of April." The Court sets the conference for late April to accommodate defendant Miah's schedule and to allow defendant Red Chili time to retain counsel.

**and Islam must appear in person.** They should plan to arrive at the courthouse at least 20 minutes prior to the time of the conference, in case there are lines in the security pavilion. If the individual defendants have retained counsel by the date of the conference, **they must still appear in person**, along with their attorney. **Defendant Red Chili must appear through counsel.** As Judge Abrams explained in her February 26 Order, "a corporation cannot proceed pro se." *See also* Dkt. No. 42, at 6 ("Defendants are reminded that the corporate defendant in this mat[t]er – Red Chili Indian Café, Inc. – must retain counsel to defend this action. Because it is a corporation, it cannot proceed without an attorney to represent it."); Dkt. No. 34 ("Defendant Red Chili Indian Cafe is reminded that 'a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it' pursuant to Federal Rule of Civil Procedure 55.").

**Defendants shall take the following steps in advance of the April 28, 2020 conference:**

1. Defendants Miah and Islam shall **contact the New York Legal Assistance Group** (NYLAG)'s legal clinic for *pro se* litigants in the Southern District of New York, more information about which can be found here: https://www.nylag.org/pro-se-clinic/. NYLAG may be able to provide guidance to defendants concerning (a) their defense of this action generally, and (b) their preparation for the April 28, 2020 conference.

2. Defendants Miah and Islam shall **request that the Court reinstate their Joint Answer and Affirmative Defenses** (Dkt. No. 26), which the Court ordered stricken on December 5, 2019. They may do so by filing a letter-motion through the Pro Se Intake Unit.

3. Defendants Miah and Islam shall **bring with them to the April 28 conference** the following documents and information:

    a. **All tax returns and tax filings of the corporate defendant Red Chili for the years 2015 and 2016**, including documents that defendants now possess and documents that they are able to obtain from the relevant tax authorities, or from their tax preparer(s) or accountants, between now and April 28;

b. **All documents concerning revenues, income, payroll, expenses, taxes** or any other money earned or spent by Red Chili during the years 2015 and 2016, including Red Chili's bank statements and the two notebooks that defendant Miah described at his deposition;

c. **The name(s) and contact information** of all third party **tax preparer(s) and accountant(s)** used by Red Chili from 2015 to the present; and

d. **The telephone numbers, account names, and cellular service providers associated with all cellphones used by the individual defendants and/or by Red Chili during the years 2015 and 2016**.

Plaintiffs shall bring to the conference any tax information request or authorization forms (*e.g.*, IRS Forms 4506, 4506-T, or 8821) or other information request or third-party authorization forms that they believe will be useful in obtaining the documents that defendants were previously ordered to produce, filled out to the extent possible, and may request an order directing the individual defendants to execute such forms.

If any party is unable to attend the conference on April 28, 2020, that party must promptly write to the Court, proposing dates on which he is available for a status conference. **Any unexcused absence by defendant Miah or defendant Islam on April 28, 2020, at 10:30 a.m., may result in severe consequences, including sanctions and/or entry of a default judgment against the absent defendant.**

The Clerk of Court is directed to mail a copy of this Order to defendants Miah and Islam.

Dated: New York, New York
February 27, 2020

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**