UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAHFUJUR RAHMAN, et ano.,

        Plaintiffs,

-against-

RED CHILI INDIAN CAFE, INC., et al.,

        Defendants.

17-CV-5156 (RA) (BCM)

**ORDER SCHEDULING STATUS CONFERENCE AND DIRECTING DEFENDANTS TO APPEAR ON JUNE 24, 2020**

**BARBARA MOSES, United States Magistrate Judge.**

The Court conducted a telephonic status conference on June 10, 2020. Plaintiffs appeared through counsel. Neither of the individual defendants appeared. Nor did they seek a continuance or otherwise communicate with the Court concerning their absence in advance of the conference.

The status conference is hereby rescheduled to **June 24, 2020, at 10:00 a.m.,** and will once again take place telephonically. At that time, the parties are directed to call **(888) 557-8511** and dial the access code **7746387**.

> **DEFENDANTS ARE DIRECTED TO READ THIS ENTIRE ORDER CAREFULLY. FAILURE TO APPEAR AT THE JUNE 24 CONFERENCE MAY RESULT IN SEVERE CONSEQUENCES, INCLUDING MONETARY SANCTIONS AND/OR THE ENTRY OF A DEFAULT JUDGMENT.**

Over the course of this litigation, the individual defendants, Mohammed Mojnu Miah and Noor Islam, have repeatedly failed to appear at court conferences, meet their discovery deadlines, or otherwise comply with court orders. On February 12, 2019, both individuals defendants failed to appear at a status conference before Judge Pitman. (Dkt. No. 49.) Thereafter, they made no contact with the Court for twelve months. During that period, on April 12, 2019, plaintiffs filed a letter (Dkt. No. 49) and then, on May 1, 2019, a formal motion (Dkt. No. 51) seeking an order striking the individual defendants' Answer and Affirmative Defenses. Miah and Islam did not respond to either the letter or the motion, even after I extended their response

deadline, *sua sponte*, to May 31, 2019, and warned them that if they one again failed to respond a default could be entered against them. (Dkt. No. 59.) Similarly, Miah and Islam failed to appear at the June 10, 2019 conference that I scheduled to consider the motion to strike (Dkt. Nos. 59, 61), and failed to object to my July 12, 2019 Report and Recommendation (Dkt. No. 61), which recommended that the motion be granted. Thereafter, by orders dated December 5, 2019 (Dkt. No. 66) and January 6, 2020 (Dkt. No. 80), the Hon. Ronnie Abrams, United States District Judge, adopted my Report, struck the individual defendants' pleading, and ordered them to show cause on February 10, 2020, why a default judgment should not be entered against them.

After nearly a full year of inaction, the individual defendants appeared at the February 10, 2020 show-cause hearing, which persuaded Judge Abrams to deny plaintiffs' motion for a default judgment, "in light of the fact that [they] both [appeared] and indicated a desire to be heard," without prejudice to renewal of the motion should Miah or Noor again fail to appear when required or comply with their other litigation obligations. Feb. 10, 2020 Tr. (Dkt. No. 89) at 6:19-21. Judge Abrams warned the individual defendants: "[F]rom now on if you do not respond or you do not show up, you do not do something on time, plaintiff will win this case." *Id.* at 6:16-18. Thereafter, by order dated February 27, 2020, I scheduled a telephonic status conference for April 28, 2020, and directed the individual defendants to satisfy certain long-outstanding discovery obligations by bringing the missing documents and information with them to the April 28 conference. Feb. 27 Order (Dkt. No. 90), ¶ 3.[1] Additionally, I reinstated their pleading. (Dkt. No. 92.)

---

[1] The individual defendants were directed to produce: (a) "All tax returns and tax filings of the corporate defendant Red Chili for the years 2015 and 2016"; (b) "All documents concerning revenues, income, payroll, expenses, taxes or any other money earned or spent by Red Chili during the years 2015 and 2016"; (c) "The name(s) and contact information of all third party tax preparer(s) and accountant(s) used by Red Chili from 2015 to the present"; and (d) "The

Both individual defendants attended the April 28 conference (which was converted into a teleconference due to the COVID-19 national health emergency), accompanied by family members who assisted with translation. During that conference I reviewed their outstanding discovery obligations and warned them again that they are required to appear for all court conferences, on pain of sanctions. By order dated April 29, 2020, I confirmed in writing that the individual defendants were required to: (1) "execute and provide to plaintiffs' counsel completed IRS forms 4506-T on behalf of themselves individually and on behalf of Red Chili," no later than May 12, 2020; and (2) "produce to plaintiffs' counsel all of the documents and information required by the ¶ 3 of the Court's February 27, 2020 order (Dkt. No. 90)" no later than May 26, 2020. April 29 Order (Dkt. No. 97) ¶¶ 1-2.[2] In the same Order, I scheduled a further telephonic status conference for June 10, 2020, at 10:00 a.m. *Id.* ¶ 3. The Court mailed copies of the April 29 Order to both of the individual defendants. Another copy was mailed by plaintiffs' counsel on May 4, 2020. (Dkt. No. 99.)

At the start of the June 10 teleconference – which was slightly delayed in hopes that the individual defendants would appear – plaintiffs' counsel reported having spoken with them and/or their family members as recently as the week of June 1, 2020, at which time he reminded them of the June 10 obligation. He also reported that he attempted to telephone them that same morning (when it became apparent that they had not called into the teleconference at the scheduled time) but was unable to reach either of them. Thereafter, plaintiffs' counsel reported that defendant Miah had complied with the Court's order to provide a completed IRS form 4506-

---

telephonic numbers, account names, and cellular service providers associated with all cellphones used by the individual defendants and/or by Red Chili during the years 2015 and 2016."

[2] Defendant Red Chili Indian Café, Inc. (Red Chili) failed repeatedly, despite numerous warnings, to appear through counsel in this action. It failed to do so again on April 28, 2020. *See*

3

T, but defendant Noor had not, and that the individual defendants had not yet produced all of the documents and information required by ¶ 3 of the Court's February 27, 2020 order.

The individual defendants have now exhausted the Court's patience. Each time they fail without notice or excuse to appear for a conference or other court proceeding, they delay this action and waste the time and resources of the Court and the other parties. Moreover, repeated instruction from the Court – both written and oral – has not succeeded in persuading them to comply with its orders. Consequently, pursuant to Fed. R. Civ. P. 16(f), **defendants Miah and Islam are hereby sanctioned in the amount of $100 each, payable to plaintiffs' counsel no later than June 23, 2020 – the day before the next court conference.**

**Should the individual defendants fail to comply with this Order, or again fail without notice or excuse to appear for a court proceeding (including but not limited to the conference scheduled for June 24, 2020), the Court may impose more significant sanctions, including, but not limited to, additional financial penalties and/or entry of a default judgment against them.**

The Clerk of Court is directed to mail a copy of this Order to defendants Miah and Islam. In addition, plaintiffs are directed to **email** a copy of this Order to defendants Miah and Islam and to file proof of such service on the docket.

Dated: New York, New York
       June 12, 2020                           SO ORDERED.

                                               _____
                                               **BARBARA MOSES**
                                               **United States Magistrate Judge**

---

April 29 Order at 1 n.1. On April 30, 2020, Judge Abrams granted plaintiffs' motion for a default judgment against Red Chili. (Dkt. No. 98.)

4