USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/26/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAHFUJUR RAHMAN, et ano.,

        Plaintiffs,

-against-

RED CHILI INDIAN CAFE, INC., et al.,

        Defendants.

17-CV-5156 (RA) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court conducted a telephonic status conference on June 24, 2020. Plaintiffs appeared through counsel. Individual defendants Mohammed Miah and Noor Islam appeared *pro se*, accompanied by their daughters, Nadeia Miah and Suma Islam, who assisted with translation.

**Nonappearance on June 10, 2020**

The individual defendants failed to provide a satisfactory explanation for their failure to appear for the June 10, 2020 conference. Both Miah and Islam denied having received any notice of that June 10 conference. However, the June 10 conference was scheduled and discussed on the record during the previous teleconference on April 28, 2020, which the individual defendants, and their daughters, attended. Moreover, the Court served both individual defendants, by mail, with its Order dated April 29, 2020 (April 29 Order) (Dkt. No. 97), which again announced, and directed them to appear for, the June 10 conference. Neither envelope was returned as undeliverable. Additionally, plaintiff's attorney Tito Sinha informed the Court during the June 24 conference that he personally (i) emailed a copy of the April 29 Order to both individual defendants on April 29, 2020; and (ii) sent another email to the individual defendants on May 27, 2020, mentioning the June 10 conference. Thereafter, on June 3, 2020, Sinha conferred with Ms. Miah (on behalf of Mr. Miah) and Ms. Islam (on behalf of Mr. Islam) to prepare the pre-conference status letter required by ¶ 3 of the April 29 Order. (Dkt. No. 101 at 1.) The individual

defendants' claim that they were unaware of their obligation to appear for the June 10 conference thus lacks credibility.

### **Nonpayment of Sanction**

The individual defendants have both failed, thus far, to pay the $100 sanction assessed against them for failure to appear at the June 10 conference. This Court's Order dated June 12, 2020 (Dkt. No. 104), which the individual defendants acknowledged having received, directed them to pay that sum, to plaintiffs' counsel, no later than June 23, 2020.

### **Nonproduction of IRS Form 4506-T and Notebooks**

Defendant Islam failed to provide plaintiffs' counsel with a completed IRS form 4506-T, claiming he did not understand that he was required to do so. However, ¶ 1 of the April 29 Order required both Miah and Islam to "execute and provide to plaintiff's counsel completed IRS form 4506-T on behalf of themselves individually and on behalf of [defaulted defendant] Red Chili," no later than May 12, 2020. Attorney Sinha represented that he sent the necessary forms, by email, to both Miah and Islam. Miah signed and returned the required form, on his own behalf and on behalf of Red Chili, but Islam did not.

Defendant Miah failed once again to produce the two notebooks that contained the names of all of Red Chili's employees, "and the salary, and how many days they worked. The schedules. The hours." Miah Dep. Tr. (Dkt. No. 53-2) at 7:23-25. The notebooks are responsive to ¶¶ 7(a) and 7(e) of Magistrate Judge Pitman's Order dated October 5, 2018 (Dkt. No. 42), which required defendants to produce "all payroll records, including any record keeping track of plaintiffs' hours at the employment, and any record of payment or other compensation paid to plaintiffs," as well as "payroll records for all delivery workers employed by defendant[ ] Red Chili Indian Café, Inc." After Miah described these notebooks at his deposition, taken on January

15, 2020, he was asked whether he had those books in his possession and answered, under oath, "Yes, I do have them." *Id*. at 8:24. Miah also agreed, at deposition, to produce them to plaintiff's counsel. *Id*. at 8:25-9:3; 23:24-24:11. However, he failed to do so at that time, and failed again to do so in response to repeated letters, motions and court orders over the next year and a half, including Judge Pitman's Scheduling Order dated January 30, 2019 (Dkt. No. 46), my Order Scheduling Status Conference and Directing Plaintiffs to Appear, dated February 27, 2020 (Dkt. No. 90), and, most recently, the April 29 Order. During the June 24 conference, Miah stated that the notebooks were no longer in his possession, that they were lost prior to January 15, 2019, and that he was mistaken when he testified at deposition that he still had them. Miah was unable to explain satisfactorily why he waited so long to inform the Court or the plaintiffs of the disappearance of key documents that he had been repeatedly ordered to produce.

### Next Steps

For the reasons discussed at the June 24 conference, it is hereby ORDERED that plaintiffs shall advise the Court, no later than **July 1, 2020**, whether they wish to seek terminating sanctions and, if so, when they will be prepared to file their moving papers.

Dated: New York, New York
       June 26, 2020                                SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

3