

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   11/24/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAHFUJUR RAHMAN, et ano.,

          Plaintiffs,

   -against-

RED CHILI INDIAN CAFE, INC., et al.,

          Defendants.

17-CV-5156 (RA) (BCM)

**REPORT AND RECOMMENDATION
TO THE HON. RONNIE ABRAMS**

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiffs Mahfujur Rahman and Liton Shah filed this action on July 7, 2017, seeking to recover unpaid wages and other relief under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL) arising out of their employment at the Red Chili Indian Café in New York City. The defendants are Red Chili Indian Café, Inc. (Red Chili), which operated the restaurant and employed both plaintiffs, and two individuals, Mohammed Mojnu Miah and Noor Islam (the Individual Defendants), each of whom was allegedly an "owner and/or shareholder of Red Chili" with the "power to hire and fire" employees. Compl. (Dkt. No. 1) ¶¶ 13-21, 28; Am. Compl. (Dkt No. 19) ¶¶ 16-20, 83-86.

On September 22, 2017, the Individual Defendants, proceeding *pro se*, filed a Joint Answer with Affirmative Defenses (Answer) (Dkt. No. 26). On May 1, 2019 – after the Individual Defendants missed several court appearances and repeatedly failed to produce discovery in response to a series of court orders – plaintiffs moved to strike the Answer. (Dkt. No. 51.) The Individual Defendants failed to respond to the motion. On July 12, 2019, I issued a Report and Recommendation recommending that plaintiffs' motion be granted. (Dkt. No. 61.) The Individual Defendants lodged no objection. On December 5, 2019, the Honorable Ronnie Abrams, United States District Judge, adopted my recommendation in its entirety and struck the Answer. (Dkt. No. 66.)  The District Judge then scheduled a show-cause hearing for February 10,

2020, on plaintiffs' motion for a default judgment against all defendants. (Dkt. No. 80.) At that hearing, Miah and Islam appeared in person, and asked for another chance. (Dkt. No. 89.) Plaintiffs objected, explaining, "Our concern is that if they are provided another opportunity and then they don't respond, we're back at the same place and we've just lost more time." (*Id*. at 6:1-12.) Judge Abrams warned the Individual Defendants that "from now on if you do not respond or you do not show up, you do not do something on time, plaintiff will win this case." (*Id*. at 56:16-18.) She then denied plaintiffs' motion for default judgment (Dkt. No. 88), after which I reinstated the Answer. (Dkt. No. 92.)[1]

Since then, the Individual Defendants have once again failed, without excuse, to appear for a court conference. Additionally, they have failed to produce certain key discovery – sought by plaintiffs since 2018 – even after several court orders directing them to do so. Consequently, as plaintiffs predicted, "we are back at the same place." Now before me for report and recommendation is plaintiffs' second motion to strike defendants' Answer. (Dkt. No. 109.) Neither Miah nor Islam responded to the motion. For the reasons that follow, I respectfully recommend that the motion to strike be granted.

**<u>Background</u>**

Plaintiffs' Amended Complaint, dated August 14, 2017, alleges that plaintiffs worked as delivery and kitchen workers at defendants' restaurant at various points between April 2015 and

---

[1] In denying the default motion against the corporate defendant, Red Chili – which never appeared or answered – the District Judge gave it "one more opportunity to find counsel to represent it," and advised that "if it does not obtain representation and file a responsive pleading by April 27, 2020, plaintiff's motion for a default judgment against it will be granted." (Dkt. No. 88.) Red Chili never appeared through counsel. On April 28, 2020, the Individual Defendants confirmed that it had no counsel to represent it. (Dkt. No. 97 at 1 & n.1.) On April 30, 2020, the District Judge granted plaintiffs' motion for a default judgment against Red Chili and deferred ruling on damages. (Dkt. No. 98.)

July 2016; that they normally worked "more than seventy hours per week" without overtime pay; and that they incurred expenses that should have been paid for by Red Chili, Miah, and Islam. Am. Compl. ¶ 3. Plaintiffs allege that Miah and Islam are relatives, and that both had the "power to hire and fire" Red Chili's employees, as well as to "control the terms and conditions of Plaintiffs' employment, including establishing their wages, setting their work schedules, and maintaining their employment records." *Id.* ¶¶ 17, 19. Plaintiffs assert nine causes of action, for: unpaid minimum wages under the FLSA and the NYLL (Counts 1 and 2); unpaid overtime wages under the FLSA and the NYLL (Counts 3 and 4); unpaid spread of hours compensation under the NYLL (Count 5); failure to provide pay stubs and notices upon hire under the NYLL (Counts 6 and 7); retaliation as to plaintiff Rahman (Count 8); and failure to reimburse expenses under the NYLL (Count 9). *Id.* ¶¶ 90-156.

On September 22, 2017, defendants Miah and Islam, proceeding *pro se,* filed their Answer, generally denying plaintiffs' allegations, except conceding that "plaintiffs were trainees for two weeks in April 2015" and that defendant Miah "was the owner of the restaurant and their supervisor" during those two weeks. Ans. ¶¶ 1, 2. Defendants aver that when Miah requested proof that plaintiffs were permitted to work in the United States, plaintiffs stopped coming to work. *Id.* ¶ 3. Additionally, the Individual Defendants deny that the restaurant had a gross volume of sales of not less than $500,000, *id.* ¶ 15; assert that, during their two-week training "as delivery men," plaintiffs were "permitted to keep all tips that they received," *id.* ¶ 39; and deny that they failed "to provide appropriate wage notices to employees." *Id.* ¶¶ 40, 42-44, 56. Defendants asserted seven affirmative defenses, including that plaintiffs' FLSA claims are barred by the statute of limitations because plaintiffs "last worked for the Defendants in April of 2015." Ans. at 5-6.

On October 3, 2017, the District Judge referred this case to mediation. (Dkt. No. 28.) After an unsuccessful mediation, the District Judge referred the case to the Hon. Henry B. Pitman, United States Magistrate Judge, for general pretrial management. (Dkt. No. 39.) On October 3, 2018, Judge Pitman held an initial case management conference. In a scheduling order dated October 5, 2018, Judge Pitman set January 20, 2019 as the close of all fact discovery. *See* Sched. Order (Dkt. No. 42) ¶ 2. The same order directed defendants to produce, no later than October 31, 2018:

    a.    For each Plaintiff all payroll records, including any record keeping track of plaintiffs' hours at the employment, and any record of payment or other compensation paid to plaintiffs.

    b.    For each plaintiff, all notices or other documents given by defendant and concerning plaintiff's wages or any other terms or conditions of employment.

    c.    For the years 2015 and 2016, all tax filings by defendant Red Chili Indian Cafe, Inc., including annual tax returns, quarterly sales tax filings and quarterly payroll tax filings.

    d.    For the years 2015 and 2016, the general ledger for defendant Red Chili Indian Cafe, Inc. or documents sufficient to all income and expenses for this defendant for those years.

    e.    For the years 2015 and 2016, payroll records for all delivery workers employed by defendant Red Chili Indian Cafe, Inc.

*Id.* ¶ 7.

On January 18, 2019 – two days before the close of fact discovery – plaintiffs filed a letter requesting that the Court extend fact discovery from January 20, 2019 to March 20, 2019. Pl. Ltr. dated Jan. 18, 2019 (Dkt. No. 43), at 2. Plaintiffs informed the Court that defendants had "failed to produce any documents or otherwise respond to the Court's Order or Plaintiffs' demands" since October 3, 2018. *Id.* at 1. However, Islam and Miah had appeared for deposition on January 15, 2019, at which point Miah revealed he had "many documents in his possession,

4

and can obtain documents from his bank and his phone company, all of which are of significant relevance to the instant controversy." *Id.; see also* Jan. 15, 2019 Tr. of Dep. of Mohammed Mojnu Miah (Miah Tr.) (Dkt. No. 53-2) at 8-10 (defendant Miah, agreeing to produce payroll notebooks and books reflecting Red Chili's weekly sales figures); *id.* at 25 (defendant Miah, agreeing to "go and get everything" from online delivery platforms Seamless, Grubhub, delivery.com, and Eat24).

On January 20, 2019, Judge Pitman extended the close of fact discovery to April 22, 2019. (Dkt. No. 46.) On February 25, 2019, defendants Miah and Islam filed a letter reporting to the Court that "all records requested from Seamless Grubhub and Delivery.com are unavailable due to the time that has passed," that "those records cannot be given," that "bank statements from that time period are unavailable as well as records from cablevision," but that defendants had "three [witnesses] to these events," "all sales tax and quarterly files," and that their "total sales" were "less than $500,000." Def. Ltr. dated Feb. 25, 2019 (Dkt. No. 47). Defendants attached 34 pages of documents to their letter, including certain federal and state tax returns for Red Chili, its quarterly "Withholding, Wage Reporting, and Unemployment Insurance Return" forms, and W-2 forms for certain employees (but not for plaintiffs). *See id.* at ECF pages 2-35.[2]

On April 12, 2019, plaintiffs wrote to Judge Abrams, seeking a pre-motion conference to address what they characterized as defendants' continued failure to comply with court orders generally and to produce documents responsive to Judge Pitman's October 5, 2018 Order specifically. Pl. Ltr. dated April 12, 2019 (Dkt. No. 49) at 1-2. According to plaintiffs, defendants failed to appear at a status conference held before Judge Pitman on February 12,

---

[2] Because the tax forms were unredacted, revealing social security numbers and other sensitive information, the letter and its attachments were placed under electronic seal. (Dkt. No. 58.)

2019,[3] and failed to produce "[a]ll documents, including two notebooks Mr. Miah testified he currently possesses, showing any of the following information concerning Red Chili Restaurant for any time period: payroll, tax, income, expense or any other thing involving money spent or earned by the restaurant;" "[d]ocuments sufficient to identify the name and contact information of any third party tax representative or accountant used by Red Chili restaurant at any point in time;" "[d]ocuments concerning EAT24 account used by Red Chili restaurant;" and "[d]ocuments from Defendants' cell phone provider(s) for the years 2015 and 2016." *Id*. at 2-3.

Defendants did not respond to plaintiffs' April 12, 2019 letter. On April 16, 2019, Judge Abrams granted plaintiffs leave to file a motion to strike defendants' Answer by May 1, 2019, and gave defendants Miah and Islam a deadline of May 14, 2019 to oppose that motion. (Dkt. No. 50.) On May 13, 2019, Judge Abrams referred plaintiffs' motion to strike to me (Judge Pitman having retired) for report and recommendation. (Dkt. No. 57.) On May 17, 2019, after defendants failed to file any opposition to plaintiffs' motion to strike, I *sua sponte* extended that deadline:

> In light of Miah and Islam's *pro se* status, the Court *sua sponte* extends their deadline to respond to the motion to strike to **May 31, 2019. <u>Defendants Miah and Islam are advised that if they fail to respond to plaintiffs' motion to strike by May 31, 2019, the Court may treat plaintiffs' motion as unopposed, strike defendants' Answer and defenses in this action, and enter a default judgment against them.</u>**

I also directed defendants to appear in Court on June 10, 2019:

> Judge Moses will hold a conference on plaintiffs' motion to strike on **June 10, 2019, at 10:30 a.m.,** in in Courtroom 20A, 500 Pearl Street, New York, NY 10007. **<u>Defendants Miah and Islam are directed to appear in Court on June 10, 2019 at 10:30 a.m.</u>**

Order dated May 17, 2019 (May 17 Order) (Dkt. No. 59), at 1 (emphasis in original).

---

[3] The Court's records reflect no minute entry from February 12, 2019.

The May 17 Order was mailed to defendants at their addresses of record, as were Judge Abrams's April 16, 2019 Order, plaintiffs' April 12, 2019 letter-application, and plaintiffs' May 1, 2019 motion to strike. (*See* Dkt. No. 60.) There is no indication in the record that any of these documents were returned as undeliverable or otherwise failed to reach defendants.

Nevertheless, defendants Miah and Islam failed to appear in court on June 10, 2019. They also failed to file any opposition to plaintiffs' motion to strike and had not contacted the Court at any time since their February 25, 2019 letter.

Consequently, on July 12, 2019, I recommended that plaintiffs' motion to strike be granted. (Dkt. No. 61.) In an Opinion and Order dated December 5, 2019, Judge Abrams adopted my Report and Recommendation, thereby striking defendants' Answer. (Dkt. No. 66.) Plaintiffs then moved for a default judgment. (Dkt. No. 71.) On January 6, 2020, Judge Abrams ordered defendants to show cause on February 10, 2020, why a default judgment should not be entered against them. (Dkt. No. 80.)

After nearly a full year of inaction, both individual defendants appeared at the February 10, 2020 show-cause hearing, which persuaded Judge Abrams to deny plaintiffs' motion for a default judgment, "in light of the fact that [they] both [appeared] and indicated a desire to be heard," without prejudice to renewal of the motion should Miah or Islam again fail to appear when required or comply with their other litigation obligations. Feb. 10, 2020 Tr. (Dkt. No. 89) at 6:19-21. Judge Abrams warned the individual defendants, on the record: "[F]rom now on if you do not respond or you do not show up, you do not do something on time, plaintiff will win this case." *Id.* at 6:16-18.

Thereafter, on February 27, 2020, I scheduled a telephonic status conference for April 28, 2020, and directed the individual defendants to satisfy certain long-outstanding discovery

obligations by bringing the missing documents and information with them to the April 28 conference. Feb. 27 Order (Dkt. No. 90) ¶ 3.[4] Additionally, I reinstated their Answer. (Dkt. No. 92.)

Both individual defendants attended the April 28 conference, which was conducted by telephone due to the COVID-19 pandemic. (*See* Dkt. No. 93, instructing the Individual Defendants to deliver the required documents to plaintiffs' counsel, prior to April 28, 2020, rather than bring them to the conference.) Miah and Islam were each accompanied by a family member who assisted with translation. During the conference, I reviewed the Individual Defendants' outstanding discovery obligations and warned them again that they were required to appear for all court conferences, on pain of sanctions. By Order dated April 29, 2020, I repeated, in writing, that the individual defendants were required to:

(1)     "execute and provide to plaintiffs' counsel completed IRS forms 4506-T on behalf of themselves individually and on behalf of Red Chili," no later than May 12, 2020; and

(2)     "produce to plaintiffs' counsel all of the documents and information required by ¶ 3 of the Court's February 27, 2020 order (Dkt. No. 90)," no later than May 26, 2020.

April 29 Order (Dkt. No. 97) ¶¶ 1-2.

---

4 Specifically, the Individual Defendants were directed to produce: (a) "All tax returns and tax filings of the corporate defendant Red Chili for the years 2015 and 2016"; (b) "All documents concerning revenues, income, payroll, expenses, taxes or any other money earned or spent by Red Chili during the years 2015 and 2016"; (c) "The name(s) and contact information of all third party tax preparer(s) and accountant(s) used by Red Chili from 2015 to the present"; and (d) "The telephonic numbers, account names, and cellular service providers associated with all cellphones used by the individual defendants and/or by Red Chili during the years 2015 and 2016."

In the same Order, I scheduled a further status conference for June 10, 2020. *Id.* ¶ 3. The April 29 Order was mailed to both Individual Defendants by the Court at their addresses of record; another copy was mailed by plaintiffs' counsel on May 4, 2020. (Dkt. No. 99.)

At the June 10 teleconference, however, neither Individual Defendant appeared – despite the fact that, according to plaintiffs' counsel, he had personally spoken with them and/or their family members as recently as the week of June 1, 2020, at which time he reminded them of the June 10 conference. During the June 10 conference, plaintiffs' counsel also reported that defendant Miah had complied with the Court's order to provide a completed IRS form 4506-T, but defendant Islam had not, and that neither of the individual defendants had produced all of the documents and information required by ¶ 3 of the Court's February 27, 2020 Order.

By Order dated June 12, 2020, I recited these events and imposed a modest monetary sanction, explaining:

> The individual defendants have now exhausted the Court's patience. Each time they fail without notice or excuse to appear for a conference or other court proceeding, they delay this action and waste the time and resources of the Court and the other parties. Moreover, repeated instruction from the Court – both written and oral – has not succeeded in persuading them to comply with its orders. **Consequently, pursuant to Fed. R. Civ. P. 16(f), defendants Miah and Islam are hereby sanctioned in the amount of $100 each, payable to plaintiffs' counsel no later than June 23, 2020 – the day before the next court conference.**

(June 12 Order) (Dkt. 104) at 4 (emphasis in the original). I then rescheduled the June 10 conference to June 24, 2020, warning:

> **Should the individual defendants fail to comply with this Order, or again fail without notice or excuse to appear for a court proceeding (including but not limited to the conference scheduled for June 24, 2020), the Court may impose more significant sanctions, including, but not limited to, additional financial penalties and/or entry of a default judgment against them.**

*Id.* (emphasis in the original). The June 12 Order was mailed to both Individual Defendants by the Court at their addresses of record. It was also emailed to them by plaintiffs' counsel. (Dkt. No. 105.)

The Individual Defendants did not make their sanctions payments. They did appear by telephone on June 24, 2020, along with the same family members, who assisted with translation. However, they "failed to provide a satisfactory explanation for their failure to appear for the June 10, 2020 conference." Order dated June 26, 2020 (June 26 Order) (Dkt. No. 106), at 1.[5]

Moreover, during the June 24 conference, the Individual Defendants acknowledged that they had produced some but not all required discovery. Defendant Islam had failed to produce a completed IRS form 4506-T. He claimed at the conference that he did not understand that he was required to do so, despite the Court's April 29 Order. Defendant Miah had failed, once again, to produce the two notebooks that he had been promising to turn over since he described them at his deposition, some 18 months earlier, on January 15, 2019. Those notebooks, according to Miah, contained the names of all of Red Chili's employees, "and the salary, and how many days they worked. The schedules. The hours." Miah Dep. Tr. at 7:23-25. The notebooks were thus responsive to ¶ 7(a) and (e) of Judge Pitman's Order dated October 5, 2018. During his deposition, Miah was asked whether he had those books in his possession and answered, under

---

[5] Both Miah and Islam denied receiving any notice of the June 10 conference. Those statements were not credible. First, the June 10 conference – and the requirement that the Individual Defendants appear for it – was discussed on the record during the previous conference on April 28, which both Individual Defendants, and their family members, attended. Second, as noted above, both the Court and plaintiffs' counsel mailed the April 29 Order to both Individual Defendants at their addresses of record, which had not changed since this action was filed. Neither envelope mailed by the Court was returned as undeliverable. Third, plaintiffs' counsel Tito Sinha informed the Court during the June 24 conference that he personally spoke to the Individual Defendants' family members on June 3, 2020, for the purpose of preparing the pre-conference status letter required by ¶ 3 of the April 29 Order.

oath, "Yes, I do have them." *Id.* at 8:24. Miah also agreed, at deposition, to produce the notebooks to plaintiff's counsel. *Id.* at 8:25-9:3; 23:24-24:11. However, he failed to do so at that time, and failed again to do so in response to repeated letters, motions and court orders over the next year and a half, including Judge Pitman's Order dated January 30, 2019, and my Orders dated February 27, March 18, and April 29, 2020.

During the June 24 conference Miah stated, for the first time, that the notebooks were no longer in his possession. He said that they were lost prior to January 15, 2019, and that he was mistaken when he testified at deposition that he still had them. As I later found, Miah was "unable to explain satisfactorily why he waited so long to inform the Court or the plaintiffs of the disappearance of key documents that he had been repeatedly ordered to produce." June 26 Order at 3.

In light of these facts, which I set forth in my June 26 Order, I directed plaintiffs to advise the Court by July 1, 2020, whether they wished to "seek terminating sanctions." *Id.* at 3. They did. (Dkt. No. 107.) Thereafter, pursuant to the schedule provided by the Court (Dkt. No. 108), plaintiffs again moved to strike defendants' reinstated Answer. (Dkt. No. 109.) Judge Abrams referred that motion to me for report and recommendation on August 25, 2020. (Dkt. No. 113.) By Order dated August 27, 2020 (Dkt. No. 114), I directed the Individual Defendants to respond to plaintiff's motion no later than September 17, 2020. The August 27 Order was mailed to both Individual Plaintiffs by the Court at their addresses of record.  Additionally, copies were emailed by plaintiffs' counsel to the Individual Defendants and – at their request, made during the June 24 conference – to their family members. (Dkt. No. 115.)

The Individual Defendants failed to respond to the motion.

## Analysis

### A.   Legal Standards

Rule 16(f) authorizes a court to impose sanctions, including those permitted by Rule 37(c)(2)(A)(ii)-(vii), when a party fails to appear at a court-ordered conference or fails to obey other pretrial orders. Such sanctions may include "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). When considering whether to impose sanctions under Rules 16 and 37, courts look to several factors, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Sanchez v. Jyp Foods Inc.*, 2018 WL 4502008, at *3 (S.D.N.Y. Sept. 20, 2018) (quoting *Agiwal v. Mid Island Mortg. Corp.,* 555 F.3d 298, 302 (2d Cir. 2009)).

"[A] single pretrial violation, such as [a] party's failure to respond to a document request by the date ordered, would not ordinarily result in an imposition of a sanction of such finality as striking defendants' answer and entering judgment by default." *U.S. Freight Co. v. Penn Cent. Transp. Co.,* 716 F.2d 954, 954 (2d Cir. 1983) (per curiam). However, a trial court acts within its discretion to impose those sanctions where defendants have engaged in a "continuing saga of dilatory conduct," and where they have had "proper notice" of the order(s) with which they failed to comply as well as "an opportunity to argue [their] case against the proposed sanction." *Id.* at 955.

### B.   Application of Standards

I address defendants' willfulness, the efficacy of lesser sanctions, the duration of defendants' non-compliance, and the warnings provided to defendants, in that order, and only

with respect to actions or non-actions taken since this Court previously struck defendants' Answer.

First, I conclude that defendants' noncompliance with this Court's orders has been willful. Since the show-cause hearing at which defendants appeared on February 10, 2020, and notwithstanding the District Judge's warning at that conference that if they failed to respond, appear, or were otherwise deficient in their defense, "plaintiff will win this case," the Individual Defendants have continuously failed to satisfy their responsibilities in defending this action. For example, on April 29, 2020, I issued an Order requiring each defendant to produce a completed IRS form 4506-T no later than May 12, 2020, and to produce their long-overdue discovery documents no later than May 26, 2020. I also scheduled a telephonic status conference for June 10, 2020. Even though the Court and plaintiffs mailed copies of the April 29 Order to defendants and plaintiffs' counsel spoke with the Individual Defendants and/or their family members during the week of June 1, 2020, reminding them about the June 10 conference, neither Miah nor Islam appeared. Moreover, plaintiffs' counsel informed the Court that defendants had still not satisfied their discovery obligations (most of which had been outstanding since October 2018).

Next, at a further conference on June 24, 2020, at which defendants and their family members did appear, it was revealed that defendants *still* had not complied with their discovery obligations. The Court also learned for the first time that defendant Miah did not have the two crucial notebooks in his possession and claimed not to have had them in his possession since sometime prior to January 15, 2019. This statement also lacked credibility, but, even if true, could not excuse Miah's 18-month silence about the fate of the notebooks even after being directed by this Court, multiple times, to produce them. *See Sanchez*, 2018 WL 4502008, at *3 ("Defendants have plainly been aware of this lawsuit (they initially answered the complaint and

participated in a settlement conference) but have nonetheless failed to defend this action. Such conduct is reflective of willfulness and warrants harsh sanctions.") (collecting cases); *Pelgrift v. 355 W. 51st Tavern Inc.*, 2016 WL 817470, at *3 (S.D.N.Y. Feb. 23, 2016) ("Defendants provide no explanation for their repeated failures to respond to Plaintiffs' discovery requests in a timely fashion, nor do they explain their failure to submit the Court-ordered joint letter.").

Second, I have considered the efficacy of lesser sanctions. In this case, more narrowly tailored sanctions, such as an order precluding defendants from introducing or relying on undisclosed evidence, prohibiting defenses related to the missing discovery, or finding certain facts in favor of plaintiffs (with or without monetary sanctions) would be "an exercise in futility," since defendants have failed to comply with at least eight court orders thus far, have failed to pay the modest monetary sanctions previously imposed, and have also failed to appear at three conferences. *Sanchez,* 2018 WL 4502008, at *4 (quoting *Koch v. Rodenstock*, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010), *report and recommendation adopted*, 2010 WL 2010900 (S.D.N.Y. May 18, 2010)) ("Defendants' repeated noncompliance with court orders and failure to engage with the Court indicates that any lesser sanction would be 'an exercise in futility[.]'"); *Microsoft Corp. v. Computer Care Ctr., Inc.*, 2008 WL 9359718, at *4-5 (E.D.N.Y. Apr. 8, 2008), *report and recommendation adopted*, 2008 WL 4179653 (E.D.N.Y. Sept. 10, 2008) (striking defendants' answer where "[l]ess harsh sanctions, such as orders compelling defendants to participate, have already proven fruitless").

Third, the duration of defendants' noncompliance weighs in favor of granting plaintiffs' motion to strike. Defendants have now failed to produce discovery that plaintiffs have been seeking since October 2018, even failing to disclose that they were no longer in possession of key discovery for more than a year and a half. Moreover, defendants have only intermittently

14

participated in this litigation over the last few years, occasionally appearing at conferences and inconsistently responding, in part, to some but not all of this Court's discovery orders. *See Local Union No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Const.*, 88 F. Supp. 3d 250, 265 (S.D.N.Y. 2015) ("On this front, durations of time as brief as a few months have been held to weigh in favor of dispositive sanctions.") (collecting cases); *Pelgrift*, 2016 WL 817470, at *3 (striking answer where "Defendants' noncompliance with their discovery obligations began in approximately May 2015 and lasted through November 2015, a period of about six months").

Fourth, defendants have been amply advised about the prospect that this Court would strike their Answer if they continued their noncompliance with court orders. Defendants have been warned on numerous occasions that any failure to respond or appear could lead to harsh sanctions, including striking their Answer. Most notably, this Court already struck the Answer once, after defendants failed to defend this action. Later, at the show-cause hearing, the Court warned them in no uncertain terms that *full* compliance was required or "plaintiff[s] will win this case." Feb. 10, 2020 Tr. at 6:16-18. Despite this warning, defendants have since skipped one conference and fallen significantly short of their discovery obligations. "The Court's warnings, coupled with the other factors, weigh in favor of striking [defendants'] answer." *Sanchez*, 2018 WL 4502008, at *4 (collecting cases); *Lemus v. Pezzementi*, 2017 WL 9534744, at *4 (S.D.N.Y. Aug. 11, 2017) (recommending that answer be stricken where defendants were on notice for more than three months that the Court might "entertain a renewed motion to strike their answer" if they continued their failure to comply with court orders), *report and recommendation adopted*, 2017 WL 4174809 (S.D.N.Y. Sept. 19, 2017).[6]

---

[6] Moreover, defendants will have 14 days to object to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2).

### Conclusion

It is possible that the Individual Defendants have meritorious defenses to plaintiffs' claims. However, through their dilatory conduct, discovery failures, and frank disregard of this Court's orders, they have forfeited the right to litigate those defenses. For the foregoing reasons, I recommend, respectfully, that plaintiffs' motion to strike (Dkt. No. 109) be GRANTED, that the Answer (Dkt. No. 26) be STRICKEN, and that plaintiffs be instructed to promptly follow the procedures set forth in Local Civil Rules 55.1 and 55.2 and Attachment A to the Individual Rules & Practices of Judge Abrams to seek a default judgment against the Individual Defendants.

The Clerk of Court is directed to mail a copy of this Report and Recommendation to defendants Miah and Islam.

Dated: New York, New York
      November 24, 2020

**BARBARA MOSES**
**United States Magistrate Judge**

## NOTICE OF PROCEDURE FOR FILING OF OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

The parties shall have 14 days from this date to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). *See also* Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be directed to Judge Abrams. **Failure to file timely objections will result in a waiver of such objections and will preclude appellate review.** *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Frydman v. Experian Info. Sols., Inc.*, 2018 WL 6179017, at *1 (2d Cir. Nov. 27, 2018); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).