USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 02/08/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAHFUJUR RAHMAN AND LITON SHAH,

                    Plaintiffs,

            v.

RED CHILI INDIAN CAFE, INC., MOHAMMED MOJNU MIAH A/K/A SHEIKH MOHAMMED MOJNU, AND NOOR ISLAM A/K/A MOHAMMED HARUN MIAH,

                    Defendants.

No. 17-CV-5156 (RA)

ORDER ADOPTING REPORT
AND RECOMMENDATION

---

RONNIE ABRAMS, United States District Judge:

    Plaintiffs Mahfujur Rahman and Liton Shah filed this action in July 2017, asserting claims for unpaid wages and other relief under the Fair Labor Standards Act and the New York Labor Law. *See* Dkt 1. Plaintiffs filed an amended complaint on August 14, 2017, naming as defendants Red Chili Indian Cafe, Inc., Mohammed Mojnu Miah, and Noor Islam. Dkt. 19.[1] Although Miah and Islam answered the amended complaint in September 2017, *see* Dkt. 26, they have repeatedly failed to participate in this litigation, including by missing several court conferences and flouting discovery obligations.

    As a result of Defendants' dilatory conduct and blatant disregard of court orders, the Court granted Plaintiffs' May 2019 motion to strike Defendants' answer. *See* Dkt. 61 (Magistrate

---

[1] On April 30, 2020, the Court granted Plaintiffs' motion for a default judgment against Defendant Red Chili Indian Cafe, which never appeared through counsel. Dkt. 98. *See Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006).

Judge Barbara Moses's report and recommendation); Dkt. 66 (order adopting the report). When Miah and Islam subsequently appeared at a February 2020 show-cause hearing on Plaintiffs' motion for default judgment, the Court allowed the individual defendants a final opportunity to participate in the litigation, warning, "[F]rom now on if you do not respond or you do not show up, you do not do something on time, plaintiff[s] will win this case." Dkt. 89 at 6. The Court denied the default judgment motion, Dkt. 88, and Judge Moses reinstated the answer. Dkt. 92.

Since then, however, Defendants have once again failed to appear for a court conference and to comply with discovery orders. Plaintiffs accordingly filed a second motion to strike Defendants' answer, Dkt. 109, which was referred to Judge Moses for a report and recommendation. On November 24, 2020, Judge Moses issued a report and recommendation ("the Report"), recommending that Plaintiffs' motion be granted, Defendants' Joint Answer and Affirmative Defenses be stricken, and Plaintiffs be permitted to move for a default judgment against Miah and Islam. *See* Dkt. 116. The Report was mailed to Defendants.

On January 4, 2021, the Court received a letter from Miah, dated December 10, 2020, which did not directly address Plaintiffs' motion to strike or Judge Moses's Report, much less make any specific objections to the Report's findings. Miah noted his "belie[f] [that] a decision or judgment is to be made regarding the case" but expressed a lack of understanding about the procedural posture of the case and requested a translation of an unspecified set of documents. *See* Dkt. 117. The letter also stated that the Defendants had "reached out to the lawyers of the opposing side, hoping to reach a compromise, but communication has been distorted and unclear." *Id*. Plaintiffs responded, disputing the assertion that Defendants had reached out, and requesting that the Court adopt the Report. *See* Dkt. 118. The Court construed Miah's letter as a request for an extension of time in which to file objections to the Report, and extended the time

for Defendants to do so until January 27, 2021. *See* Dkt. 119.[2] On January 26, 2021, the Court received another letter from Miah, dated January 20, 2021. *See* Dkt. 122. In the letter, Miah "commit[ted] to attending all future proceedings" and to "comply with any discovery request," and noted his present financial struggles. *Id*. Once again, however, the letter did not specifically address Judge Moses's findings or make any objections to her conclusion that Defendants' answer should be stricken for their "dilatory conduct, discovery failures, and frank disregard of this Court's orders." Report at 16.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition," Fed. R. Civ. P. 72(b)(2), or within 17 days when service is made by mail, *see* Fed. R. Civ. P. 6(d). A court will review *de novo* those portions of a report to which the parties file "timely and specific" objections. *Parks v. Commissioner of Social Security*, No. 15-CV-6470 (ER), 2017 WL 3016946, at *3 (S.D.N.Y. July 17, 2017) (citing *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also* 28 U.S.C. § 636(b)(1)(C). "When the parties make no objections to the Report," however, "the Court may adopt the Report if 'there is no clear error on the face of the record.'" *Smith v. Corizon Health Servs.*, No. 14-CV-8839 (GBD) (SN), 2015 WL 6123563, at *1 (S.D.N.Y. Oct. 16, 2015) (quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)). Moreover, "to the extent that the party makes only conclusory or general objections, or simply reiterates the original arguments, the

---

[2] The Court also informed Miah that the Court does not provide free translations of documents in civil cases between private parties, and reminded Defendants of their ability to seek free legal advice from the New York Legal Assistance Group's clinic for *pro se* litigants.

Court will review the Report strictly for clear error." *Alam v. HSBC Bank USA, N.A.*, No. 07-CV-3540 (LTS) (JCF), 2009 WL 3096293, at *1 (S.D.N.Y. Sept. 28, 2009).

Defendants have not made "specific written objections" to the Report. Fed. R. Civ. P. 72(b)(2). Miah's January 20, 2021 letter requests yet another chance to participate in this litigation and to comply with court orders, and seeks to explain Defendants' previous failures to comply with discovery requests and to pay the modest financial sanction imposed by Judge Moses in June 2020. *See* Report at 9. But Miah does not contend that the Report contains any erroneous factual findings or conclusions of law. Indeed, Miah does not even directly mention the Report or the underlying motion to strike, which Defendants never opposed. *See* Report at 11. To the extent that Defendants' most recent two letters can be characterized as objecting to the Report, these objections are, at best, general and perfunctory. Accordingly, the Court reviews Judge Moses's Report for clear error. *See Garlick v. Lee*, 464 F. Supp. 3d 611, 617 (S.D.N.Y. 2020).

Having reviewed the Report for clear error, the Court finds none, and thus adopts it in its entirety. Defendants' most recent letters do not persuade the Court to do otherwise. Defendants' stated commitments to "not miss[] any more important court dates" and to "comply with any discovery request" ring hollow in light of their repeated failure to defend this action with any sort of regularity. As Judge Moses noted, Defendants "have only intermittently participated in this litigation over the last few years, occasionally appearing at conferences and inconsistently responding, in part, to some but not all of this Court's discovery orders." Report at 14–15. The Court has already given Defendants multiple opportunities to re-engage, including by denying Plaintiffs' motion for default judgment and reinstating Defendants' answer after Plaintiffs appeared at a show-cause hearing and asked for another chance. *See* Dkt. 89. Defendants were

warned at that point in no uncertain terms that "from now on if you do not respond or you do not show up, you do not do something on time, plaintiff[s] will win this case." *Id*. Yet even after such a stark warning, Defendants "skipped one conference and [fell] significantly short of their discovery obligations." Report at 15. Under these circumstances, further accommodating Defendants' failures to litigate would be unduly prejudicial to the rights of the Plaintiffs.

It is therefore ordered that Plaintiffs' motion to strike (Dkt. 109) is GRANTED and Defendants' Joint Answer and Affirmative Defenses (Dkt. 26) is STRICKEN. Plaintiffs are instructed to make any motion for default judgment against Miah and Islam no later than March 10, 2021, in accordance with Fed. R. Civ. P. 55(b)(2), Local Civil Rule 55.2(b), and this Court's individual rules, available at https://nysd.uscourts.gov/hon-ronnie-abrams.

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 109 and to mail a copy of this Order to Defendants Miah and Islam.

SO ORDERED.

Dated:   February 8, 2021
         New York, New York

                                          Ronnie Abrams
                                          United States District Judge