UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 05/19/2021

MAHFUJUR RAHMAN AND LITON SHAH,

        Plaintiffs,

v.

RED CHILI INDIAN CAFE, INC., MOHAMMED MOJNU MIAH A/K/A SHEIKH MOHAMMED MOJNU, AND NOOR ISLAM A/K/A MOHAMMED HARUN MIAH,

        Defendants.

No. 17-CV-5156 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiffs Mahfujur Rahman and Liton Shah filed this action in July 2017, asserting claims for unpaid wages and other relief under the Fair Labor Standards Act and the New York Labor Law. *See* Dkt 1. On April 30, 2020, the Court granted Plaintiffs' motion for a default judgment against Defendant Red Chili Indian Cafe, which never appeared through counsel. Dkt. 98. *See Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006). Although Defendants Mohmmed Mojnu Miah and Noor Islam ("the Individual Defendants") appeared in this action and filed an answer, that answer was stricken by the Court—on two separate occasions—due to their dilatory conduct, blatant disregard of court orders, and general failure to participate in this litigation. Before the Court is Plaintiffs' renewed motion for default judgment as to the Individual Defendants. *See* Dkt. 129. For the following reasons, the motion is granted as to all claims with the exception of Plaintiff Rahman's claim of unlawful retaliation under NYLL

§ 215. By separate order, this action will be referred to Magistrate Judge Barbara Moses for an inquest into damages and attorneys' fees.

## BACKGROUND

The Court assumes the parties' familiarity with the factual and procedural background of this case, as documented on previous occasions by the Court and by Judge Moses. *See* Dkt. 61 (Judge Moses's first report and recommendation regarding Plaintiffs' first motion to strike the Individual Defendants' answer); Dkt. 66 (order adopting the R&R, and striking the answer); Dkt. 88 (order denying Plaintiffs' first motion for default judgment); Dkt. 92 (Judge Moses's order reinstating the Individual Defendants' answer); Dkt. 116 (Judge Moses's second report and recommendation regarding Plaintiffs' second motion to strike the Individual Defendants' answer); Dkt. 124 (order adopting the R&R, and striking the answer).

In February 2021, the Court granted Plaintiffs' second motion to strike the Individual Defendants' answer, *see* Dkt. 124, such that they are now in default, *see Pelgrift v. 355 W. 51st Tavern Inc.*, 2016 WL 817470, at *4 (S.D.N.Y. Feb. 23, 2016). *See also* Dkt. 128 (Clerk's Certificate of Default). The Court instructed Plaintiffs to make any motion for default judgment against the Individual Defendants no later than March 10, 2021. *See* Dkt. 124. Plaintiffs did so, and the Court informed the parties that it would not hold a conference and instead resolve the motion for default judgment on the papers. *See* Dkt. 139. Notwithstanding that the Individual Defendants' answer has been stricken, the Court provided them an opportunity to file any answering papers to Plaintiffs' default judgment motion no later than May 10, 2021. *Id*. As of this date, Defendants have not filed a response.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 55, a court may—on a plaintiff's motion—enter a default judgment against a defendant who "has failed to plead or otherwise defend" itself in an action brought against it. Fed. R. Civ. P. 55(a). A defendant is deemed to be in default when its answer has been stricken. *See Oscar De La Renta Ltd. v. Strelitz Ltd.*, No. 92 CIV. 3907 (CES), 1993 WL 267341, at *1 (S.D.N.Y. July 12, 1993). The Court may thus "enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers*, 779 F.3d at 187. Generally speaking, "a default is an admission of all well-pleaded allegations against the defaulting party." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004). Yet because a party in default does not admit conclusions of law, the Court must determine whether those allegations establish a sound legal basis for liability. *See Jemine v. Dennis,* 901 F. Supp. 2d 365, 373 (E.D.N.Y. 2012) (citing *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir. 1981)).

**DISCUSSION**

**I.   Service**

It is axiomatic that "[a] default judgment may not be granted . . . if the defendant has not been effectively served with process." *Doe v. Alsaud*, 12 F. Supp. 3d 684, 687 (S.D.N.Y. 2014); *see also Aspex Eyewear Inc. v. Cheuk Ho Optical Int'l Ltd.*, Nos. 00-CV-2389, 01-CV-1315 (RMB), 2005 WL 3501900, at *1 (S.D.N.Y. Dec. 21, 2005) ("A default judgment 'obtained by way of defective service is void *ab initio* and must be set aside as a matter of law.'" (citation omitted)). The burden is on the plaintiff to prove that service was adequate. *See Alsaud*, 12 F. Supp. 3d at 687. Plaintiffs have carried that burden. The Individual Defendants were personally

served with the summons and complaint in July 2017. *See* Dkts. 15, 17. They subsequently appeared and answered the complaint, although that answer was stricken by the Court, first in December 2019 and for the second time in February 2021. In connection with their most recent motion for default judgment, Plaintiffs served the Individual Defendants, by both email and mail, with their motion papers and the Court's orders. *See* Dkt. 140 (certificate of service of mailings); Dkt. 134 (certificate of email service). The Court thus concludes that Plaintiffs have established the adequacy of service.

## II.     Liability

The Court now considers whether, accepting as true all well-pleaded allegations in the complaint, Plaintiffs have established their claims under the FLSA and the NYLL. *See Bricklayers & Allied Craftworkers*, 779 F.3d at 187. With one exception noted below, the Court concludes that they have.

Plaintiffs assert the following claims under the FLSA and the NYLL: (1) claims for minimum wages under the FLSA and the NYLL (Counts One and Two); (2) claims for overtime wages under the FLSA and the NYLL (Counts Three and Four); (3) a claim for spread of hours payments under the NYLL (Count Five); (4) a claim that Defendants failed to provide pay stubs as required by the NYLL (Count Six); (5) a claim that Defendants failed to provide notices upon hire as required by the NYLL (Count Seven); and (6) a claim for improper expense payments under the NYLL (Count Nine). Plaintiff Rahman also asserts a claim for retaliation under the NYLL (Count Eight).

To state a claim under the FLSA, Plaintiffs must first establish that: "(1) the defendant[s] [are] an enterprise participating in commerce or the production of goods for the purpose of commerce; (2) [] plaintiff[s] [are] 'employee[s]' within the meaning of the FLSA; and (3) the

employment relationship is not exempted from the FLSA." *Pelgrift v. 335 W. 41st Tavern Inc.*, No. 14-CV-8934 (AJN), 2017 WL 4712482, at *1 (S.D.N.Y. Sept. 28, 2017). With respect to minimum wage and overtime claims specifically, Plaintiffs must also establish that they "worked an approximate number of hours for which [they] did not receive minimum or overtime wages." *Zhen Ming Chen v. Y Café Ave B Inc.*, No. 18-cv-4193 (JPO), 2019 WL 2324567, at *2 (S.D.N.Y. May 30, 2019). Plaintiffs have adequately alleged these elements. The complaint asserts that Defendants have "engaged in interstate commerce" and that Red Chili had an annual gross sales of "not less than $500,000," Compl. ¶ 15, as the FLSA requires, *see* 29 U.S.C. §§ 203(s)(1)(A)(ii), § 206(a). Plaintiffs also allege that at all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA, Compl. ¶ 20, and that neither Plaintiff was exempt from the statute's minimum wage or overtime laws, Compl. ¶¶ 37, 48. Plaintiffs have further attested to the number of hours they worked—including the number of overtime hours, and the amount for which they were compensated—which is sufficient to establish Defendants' liability for the FLSA minimum wage and overtime claims in Counts 1 and 3. *See* Compl. ¶¶ 21–34; *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013).

Plaintiffs have also adequately alleged the Individual Defendants' liability under the FLSA. "To determine whether an individual defendant is an 'employer' for purposes of [establishing his liability for violations of] the FLSA, courts look to 'the economic reality of an employment relationship' and, in doing so, consider four factors: 'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Sarit v. Westside Tomato, Inc.*, No. 18-CV-11524 (RA), 2020

WL 1891983, at *6 (S.D.N.Y. Apr. 16, 2020) (quoting *Irizarry v. Catsimatidis*, 722 F.3d 99, 105 (2d Cir. 2013)). Plaintiffs allege that the Individual Defendants are each an "owner and/or shareholder of Red Chili," and that each "had the power to hire and fire Restaurant employees, and control the terms and conditions of Plaintiffs' employment, including establishing their wages, settling their work schedules, and maintaining their employment records." Compl. ¶¶ 16-19.

The complaint's allegations are also sufficient to establish Defendants' liability for Plaintiffs' minimum wage and overtime claims under the New York Labor Law as asserted in Counts 2 and 4. *See Pelgrift*, 2017 WL 4712482, at *8. "A plaintiff's burden to establish minimum and overtime wages liability under the NYLL is similar to that under the FLSA," and is therefore satisfied for the reasons articulated above. *See Zhen Ming Chen*, 2019 WL 2324567, at *3. As to the other NYLL claims, Plaintiffs allege that they regularly worked a "spread of hours" that exceeded 10 hours per day and that Defendants did not pay Plaintiffs "spread of hours pay" when they did so, Compl. ¶¶ 49-50, that Defendants failed to provide pay stubs to Plaintiffs or keep accurate records of Plaintiffs' hours and wages, Compl. ¶¶ 53-54, and that Defendants failed to provide Plaintiffs with the required written notice under the NYLL at the time of hiring, Compl. ¶ 56. These allegations are sufficient to establish Defendants' liability as to the claims for spread of hours (Count Five), pay stubs (Count Six), and wage notices (Count Seven). *See Zhen Ming Chen*, 2019 WL 2324567, at *3. Plaintiffs also allege in Count Nine that Defendants violated the NYLL by failing to reimburse them for the cost of purchasing, repairing, and maintaining bicycles that Plaintiffs were required to buy as part of their delivery work, and by deducting costs related to the bicycles from their wages. Compl. ¶¶ 72-82. This is sufficient to establish Defendants' liability as to the claim for improper expense payments under the NYLL.

*See Ting Yao Lin v. Hayashi Ya II, Inc.*, No. 08-CV-6071 (SAS) (AJP), 2009 WL 289653, at *5 (S.D.N.Y. Jan. 30, 2009).

Finally, Plaintiffs allege that Defendants retaliated against Plaintiff Rahman in violation of the NYLL. Section 215 of the NYLL makes it unlawful to "discharge or in any other way discriminate against any employee because such employee has filed a complaint." *Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 511 (S.D.N.Y. 2013). To establish a claim of retaliation under this statute, a plaintiff must demonstrate that "*while employed by the defendant*, he made a complaint about the employer's violation of the law and, as a result, was terminated or otherwise penalized, discriminated against, or subjected to an adverse employment action." *Id.* (emphasis added). Here, while Plaintiffs allege that Plaintiff Rahman complained about Defendants' alleged NYLL violations, Compl. ¶¶ 58-64, he appears to have done so after he left his employment at Red Chili in July 2016, Compl. ¶¶ 57-58. The complaint therefore fails to state a claim for retaliation under the statute. *See Paz v. Piedra*, No. 09-CIV-03977 (LAK) (GWG), 2012 WL 12518495, at *8 (S.D.N.Y. Jan. 12, 2012); *Aguilar v. Reback*, 126 N.Y.S.3d 851 (N.Y. Sup. Ct. 2020) (employee who was no longer employed by defendants when he engaged in the protected activity could not raise claim for violation of NYLL § 215); *Wk. Publications, Inc. v. Hernandez*, 54 N.Y.S.3d 613 (N.Y. Sup. 2016) (dismissing counterclaim for retaliation under NYLL § 215 where the retaliatory act occurred six months after the counterclaimant's termination because "the retaliatory act must occur while the individual is an employee of the employer").

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment is thus granted against the Individual Defendants as to all claims except for the retaliation claim under Count Eight. The Court has already granted Plaintiffs' motion for default judgment against Defendant Red Chili

Indian Café. *See* Dkt. 30. By separate order, the Court will refer this matter to Magistrate Judge Moses for an inquest into damages and attorneys' fees as to all three Defendants. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 129.

SO ORDERED.

Dated:     May 19, 2021
           New York, New York

Ronnie Abrams
United States District Judge