UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAHFUJUR RAHMAN AND LITON SHAH,<br><br>        Plaintiffs,<br><br>    v.<br><br>RED CHILI INDIAN CAFE, INC., MOHAMMED MOJNU MIAH A/K/A SHEIKH MOHAMMED MOJNU, AND NOOR ISLAM A/K/A MOHAMMED HARUN MIAH,<br><br>        Defendants. | No. 17-CV-5156 (RA)<br><br>ORDER ADOPTING REPORT<br>& RECOMMENDATION |

RONNIE ABRAMS, United States District Judge:

  Plaintiffs Mahfujur Rahman and Liton Shah filed this action in July 2017 against Defendants Red Chili Indian Cafe, Inc. ("Red Chili"), Mohammed Mojnu Miah, and Noor Islam, seeking unpaid wages and related relief pursuant to the Fair Labor Standards Act and the New York Labor Law. On April 30, 2020, this Court granted Plaintiffs' motion for default judgment against Defendant Red Chili, for whom Plaintiffs had worked delivering and preparing food. *See* ECF No. 98. On May 19, 2021, this Court also entered default judgment against Defendants Mohammed Mojnu Miah and Noor Islam, and referred the action to Magistrate Judge Moses to conduct an inquest and issue a report and recommendation concerning damages and attorneys' fees as to all three Defendants. *See* ECF Nos. 141–42.

  Plaintiffs sought damages of $58,768.86 for Rahman's claims and $90,829.71 for Shah's claims, totaling $149,598.57, in addition to pre-judgment interest, post-judgment interest, and attorneys' fees. ECF No. 144 ¶¶ 49–52. On November 22, 2024, Judge Moses issued a Report and

Recommendation ("Report") recommending a total award of $126,247.50, plus pre-judgment interest. ECF No. 166. Judge Moses concluded that Plaintiffs had provided a sufficient basis for the majority—but not all—of the damages sought. *Id.* Judge Moses further recommended that the Court vacate its entry of default as to Plaintiffs' claims for statutory damages under the Wage Theft Protection Act ("WTPA") and dismiss their WTPA claims without prejudice. *Id.* (reasoning that Plaintiffs failed to establish downstream injuries arising from technical violations of the WTPA, in light of their testimony that they continued working for Defendants despite knowing they were underpaid (citing *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 305 (2d Cir. 2024)).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "Within fourteen days after being served with a copy [of a report], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." *Id.*; *see also* Fed. R. Civ. P. 72(b). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Here, although the Report provided that "[t]he parties shall have 14 days from [the date of the Report's issuance] to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)," no party has filed objections. ECF No. 166, at 26. The Court therefore reviews the Report for clear error and, having found none after a careful review of the record, adopts the thorough and well-reasoned Report in its entirety.

Accordingly, Plaintiff Rahman shall be awarded $38,880 and pre-judgment interest in the amount of $4.65 per day from April 7, 2016, until the date judgment is entered, amounting to $15,252 ($4.65 x 3,280 days). Plaintiff Shah shall be awarded $66,472.50, plus pre-judgment

interest in the amount of $8.19 per day from October 30, 2015 until the date judgment is entered, amounting to $28,173.60 ($8.19 x 3,440 days). Plaintiffs shall also be awarded reasonable attorneys' fees in the amount of $20,895. In total, Plaintiffs shall be awarded against Defendants, jointly and severally, $126,247.50 in damages and fees, plus $43,425.60 in pre-judgment interest, amounting to $169,673.10. The Court also vacates its entry of default as to Plaintiffs' claims for statutory damages under the WTPA.

Finally, the parties' failure to file any written objections within the allotted period, in light of Judge Moses's warning that such failure to do so would preclude appellate review, "operates as a waiver" and precludes appellate review of this decision. *Kashelkar v. Vill. of Spring Valley*, 320 F. App'x 53, 54 (2d Cir. 2009) (summary order) (citing *DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000)); *see also* ECF No. 166, at 26.

SO ORDERED.

Dated:     March 31, 2025
           New York, New York

_____
Ronnie Abrams
United States District Judge

3